IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOYLE "ROCKY" BROWN,

        Plaintiff,

vs.                                                                                                       No.  CIV-08-453 JH/RLP

BRENT McGILL and
MUELLER SUPPLY COMPANY, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION
TO DISMISS FMLA CLAIMS**

        This matter comes before the court on Defendants' Brent McGill and Mueller Supply Company, Inc.'s Motion to Dismiss FMLA claims [3].  The court has considered the Defendants' motion and the Memorandum in Support [4], plaintiff Doyle "Rocky" Brown's Response [8] and the defendants' Reply Brief [9].   After full consideration of the pleadings and the arguments contained therein, the court finds that the motion is not well-taken and should be denied.

        The plaintiff has filed an Amended Complaint that alleges, among other things, claims brought under the Family Medical Leave Act ("FMLA").  The defendants contend the claims brought under the FMLA must be dismissed because plaintiff failed to allege in the complaint that he met the requirements to be deemed an "eligible employee" under the FMLA, and further alleges that plaintiff cannot meet the "eligible employee" requirement because Mueller employs less than 50 employees within 75 miles of its New Mexico worksite.   Defendant Mueller does not dispute that it qualifies as a covered employer under the FMLA (see footnote 1,

Memorandum in Support of Defendants' Motion to Dismiss FMLA Claims, p.4).  Furthermore, the defendants acknowledge that plaintiff alleges he was an "eligible employee" at paragraph 92 of the Amended Complaint.  (See Memorandum in Support of Defendants' Motion to Dismiss FMLA Claims, p.4).

The court notes that under Fed.R.Civ.P. 8(a)(2), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The defendants correctly note that in a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff, *Callery v. U.S. Life Ins. Co.,* 392 F.3d 401, 404 (10th Cir. 2004), and that the purpose of such a motion is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.  *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2004) (further citation omitted).

Furthermore, the parties acknowledge that additional documentation has been submitted so that should the court consider matters outside of the four corners of the pleadings, the court may treat it as a motion for summary judgment under Fed.R.Civ.P. 56.  The court finds that under either analysis the motion to dismiss should be denied.

In reviewing the Amended Complaint under 12(b)(6), the court notes that the plaintiff did allege that he is an "eligible employee" at paragraph 92.  While defendants allege plaintiff will not ultimately prevail in his contention that he is an "eligible employee," for purposes of the motion to dismiss, the court will accept the plaintiff's allegation as true, as it must.  Thus, the argument that the complaint should be dismissed because plaintiff did not allege he is an "eligible employee" fails, and the plaintiff met his pleading obligation under Rule 8(a)(2).

As for the Rule 56 approach, the court notes that the defendants have relied upon material

outside of the four corners of the complaint.  Defendants have referred to other materials to support their contention that the plaintiff cannot be an "eligible employee" because, based upon the facts in this case, a statutory exception applies here, specifically that the FMLA does not recognize an employee as an "eligible employee" if he is employed at a worksite with less than 50 employees within a 75 mile radius.  In opposition, the plaintiff has supplied material suggesting that the defendants specifically and explicitly applied the FMLA to plaintiff, so that he is an "eligible employee."  The court determines that the facts presented suggest a dispute of material fact exists which precludes the granting of defendants' motion for summary judgment at this time.  The court recognizes that discovery is not complete and expects that this issue may be presented to the court at a later time after discovery is completed.

      For the forgoing reasons, Defendants' Motion to Dismiss FMLA Claims is **denied.**

_____  
JUDITH C. HERRERA  
UNITED STATES DISTRICT JUDGE