IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOYLE "ROCKY" BROWN,

    Plaintiff,

v.                                                                                                                                  Civ. No. 08-00453 JCH/RLP

BRENT MCGILL and
MUELLER SUPPLY COMPANY, INC.

MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion for Protective Order and Defendants' Expedited Motion to Disallow Further Discovery. Each will be addressed in turn.

<u>Motion for Protective Order</u>

As the Court understands the parties' positions, Plaintiff wants to re-depose Defendant McGill and a corporate representative, alleging that information was not forthcoming in response to written interrogatories, nor about the asserted defenses, and other matters that have come to light only recently. Defendants argue that Plaintiff has taken a "blockbuster approach" to discovery, which Defendants have themselves deemed inappropriate.

First, the Court notes that *all* parties are under a *continuing* duty to supplement prior discovery responses, whether by interrogatory answer, production of documents, or requests for admissions. This includes Rule 30(b)(6) depositions. *Haggard v. The Standard Register Co.*, 2003 WL 365955 (D. Kan. 2003) (unpublished opinion). Plaintiff does not have to keep asking for the materials; they must be continually updated by Defendants.

Second, in reviewing some of the deposition pages submitted by Plaintiff, it appears that Defendant did not produce an *informed* individual to be deposed at the Rule 30(b)(6) deposition.  The deponent kept referring counsel to ask the questions of Defendant McGill. "The law is well-settled that corporations have an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf."  *Brunet v. Quizno's Franchise Co.*, 2008 WL 5378140 (D. Colo. 2008) (unpublished opinion) (internal quotation marks & citation omitted).

Third, with regard to testimony about the Defendants' asserted defenses, the Court notes that most of the defenses alleged are merely denials that Plaintiff has stated valid claims under Title VII, ADA, or FMLA.  For example, defenses 10 through 14 essentially say: Plaintiff did not engage in any FMLA protected activity, but if he did we didn't know it; Plaintiff didn't have a serious medical condition, but if he did, we didn't know it; Plaintiff wasn't entitled to accommodation, but if he was it would have been too burdensome to provide it.  Nevertheless, Defendant has an obligation to produce an *informed* individual for the Rule 30(b)(6) deposition.

The Court finds that Defendant's Motion for Protective Order shall be denied. Defendants shall produce individuals with knowledge as required by the Federal Rules of Civil Procedure within thirty (30) days of entry of this Order.

<u>Defendants' Expedited Motion to Disallow Further Discovery</u>

The Scheduling Order in this case, which was entered on March 25, 2009, set the end of discovery for August 24, 2009 [Doc. 24].  The Court cannot locate on the docket any request by the parties to extend the discovery deadline.  The fact that the parties agreed between themselves to allow some discovery past the deadline does not extend the

deadline and parties make these informal agreements at their peril. Without a Court order to the contrary, a party has no recourse when the informal agreement turns sour. Accordingly, save for the deposition(s) previously ordered in this Order, discovery concluded on August 24, 2009 and Defendants' Expedited Motion to Disallow Further Discovery is denied as moot.

    IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order [Doc. 46] is denied and the Court orders that the Rule 30(b)(6) deposition shall take place within thirty (30) days of entry of this Order; and

    IT IS FURTHER ORDERED that Defendants' Expedited Motion to Disallow Further Discovery [Doc. 78] is denied as moot.

    IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge