IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOYLE "ROCKY" BROWN,

    Plaintiff,

v.                                                                    Civ. 08-453 JCH/RLP

BRENT MCGILL and MUELLER
SUPPLY COMPANY, INC.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Rule 37 sanctions. Plaintiff believes that Defendants failed to turn over all discovery requested, to supplement in a timely manner their Rule 26 disclosures and subsequent discovery requests, and further objects to the piecemeal production of documents.

The Court notes the following. The Defendants' initial disclosures were made on February 26, 2009 [Doc. 15]. Plaintiff served Defendants with interrogatories and requests for production on March 10, 2009 [Doc. 18]. On March 25, 2009 the Court held its Scheduling Conference at which time it was determined that discovery would terminate on August 25, 2009 and that all discovery motions would be due by September 2, 2009. [Doc. 24]. The Court cannot locate in the docket where at any time Plaintiff moved to compel discovery from Defendants or moved to extend either of the aforementioned deadlines.

Because Plaintiff did not move to compel any discovery responses, the only sanctions available are under Rule 37(c):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Court has reviewed the parties' submissions and finds several areas problematic. First, as noted above, the failure to submit a motion to compel when discovery is incomplete essentially waives any objection as to non-production. Second, it is quite difficult to tell with any accuracy what documents the Defendants may have that were responsive to the Rule 26(a) and (e) disclosures. Plaintiff's motion offers much speculation, but little concrete data. Third, it appears that most, if not all, of the requested discovery has been produced. Whether the production has been piecemeal, as Plaintiff alleges, is difficult to tell. What is not difficult to tell is that Plaintiff has not been prejudiced or harmed by the Defendants' perceived tardiness. Plaintiff's motion is full of speculation; Defendants' response is full of indignation. The Court does not attempt to play Solomon in these he said/she said discovery disputes.

For future reference: when a party fails to respond fully to discovery requests, the other party must file a Motion to Compel. If the Court grants the motion and the offending party violates that Order, then the aggrieved party may move for Rule 37 sanctions. Under Rule 37(c), the aggrieved party must move as soon as it discovers that complete disclosures were not made, or as soon as it discovers that the offending party failed to supplement a previous incomplete or incorrect response. As for the Rule 30(b)(6) deposition, this Court has already ruled that the deposition shall take place within entry of the Order [Doc. 31].

Finally, this Court agrees with the approach taken in *Swofford v. Eslinger*, 2009 WL 1025223 (M.D. Fla. 2009) (unpublished opinion). In that case, which is similar to this case, the party moved for Rule 37 sanctions beyond the cut-off date for discovery motions.

Where, as here, the aggrieved party knows of the alleged transgressions prior to the discovery motion deadline, the motion for sanctions should be filed prior to that deadline or should request the court to enlarge the deadline. That was not done. As stated by the *Swofford* court:

> the focus of this motion is to seek punishment for a variety of developments and circumstances that took place in the extended course of discovery in this case. This emphasis seems to misapprehend the intended functioning of pretrial practice. The purpose of the discovery rules is to facilitate resolution on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information. Creation of satellite litigations or opportunities for seeking sanctions is not a goal of the process.

2009 WL 10252243, *1.

Accordingly, Plaintiff's Motion for Rule 37 Sanctions is denied.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Rule 37 Sanctions [Doc. 79] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge