IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DOYLE "ROCKY" BROWN,**

    **Plaintiff,**

vs.                Civ. No.  08-453 JH/RLP

**BRENT McGILL and**
**MUELLER SUPPLY CO., INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *Plaintiff's Motion for Rule 11 Sanctions* [Doc. No. 52], in which Plaintiff contends that Defendants violated Rule 11 by failing to disclose certain documents in connection with Defendants' motion to dismiss, which this Court denied in a Memorandum Opinion and Order entered January 27, 2009 [Doc. No. 11].  After considering the motion and supporting brief, Defendants' response, Plaintiff's reply, and Defendants' surreply, the Court finds that Plaintiff's motion should be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

According to the Complaint, the facts of this case are as follows.  Plaintiff Doyle "Rocky" Brown ("Brown") is a former employee of Defendant Mueller Supply Company, Inc. ("Mueller"). Brown worked in Mueller's Moriarty, New Mexico office as a warehouse manager.  Defendant Brent McGill ("McGill") was Brown's reviewing manager at Mueller.  According to the allegations in the Complaint, in January of 2005 Brown was diagnosed with colon cancer requiring surgery. Brown requested and was granted leave under the FMLA, but McGill refused to accommodate Brown by allowing him to work from home.  Despite facing continuing serious medical issues,

Brown continued to work and received excellent performance reviews until January of 2007, when McGill informed Brown that he was placing Brown on a performance improvement plan. Later that month, Brown presented McGill with a doctor's note stating that Brown could perform no physical labor and would need to stay home from work for approximately two weeks. Then, because Brown had improved under the prescribed rest, his doctor the prescribed an additional three weeks of time away from work. Brown renewed his request to work from his home computer, which McGill again denied. In February of 2007, Mueller sent Brown a letter stating that he had exhausted his FMLA leave for the previous year and that he would not be eligible for additional FMLA leave until the following month. Shortly thereafter, Mueller's human resources manager told Brown to disregard the FMLA letter and that he was being fired for missing work and because of his "situation."

On April 10, 2008, Brown filed his complaint in New Mexico's Second Judicial District Court, asserting claims for violation of the Americans With Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), the New Mexico Human Rights Act, breach of contract, and common law torts. On May 7, 2008, Defendants removed the case to this federal district court. That same day, the Defendants moved to dismiss Brown's FMLA claims on the grounds that Brown was never an "eligible employee" under the FMLA because Mueller employs fewer than 50 employee within 75 miles of its Moriarty, New Mexico work site. In support of their motion, Defendants attached the affidavit of Mueller's human resources director stating that at all times during Brown's employment, Mueller had fewer than 15 employees at its Moriarty branch and has no other work sites within 75 miles. Defendants also cited the FMLA, which provides that FMLA benefits do not apply to "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(1)(B)(ii). In his response, Brown

argued that Mueller had treated him as an "eligible employee" entitled to FMLA protection. As proof of that fact, Brown attached his own affidavit as well as a letter to him from Mueller regarding his FMLA leave. The Court denied the motion to dismiss, finding that Brown had alleged enough to state a claim under the FMLA for purposes of Rule 12(b)(6). The Court also found that if the motion were converted to one for summary judgment, it too would be denied because on the limited record available, a genuine issue of material fact existed as to whether Brown was an "eligible employee." However, the Court stated that it expected the parties would raise the issue again after the completion of discovery.

## DISCUSSION

Brown moves for sanctions against Mueller and McGill based on the contention that in filing their motion to dismiss, they violated Rule 11 by failing to disclose documents in Brown's personnel file that demonstrate that Mueller treated Brown as though he was entitled to benefits under the FMLA. Brown also seeks an award of attorney fees. Rule 11 states in pertinent part:

> (b) **Representation to the Court.** By presenting to the court . . . a . . . written motion . . . an attorney is certifying to the best of the person's knowledge . . . (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]
> (c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction against the attorneys [or] law firms that have violated subdivision (b)[.]

Fed. R. Civ. P. 11(b), (c).

Here, Brown contends that he is entitled to sanctions because, in a response to his requests for production, the Defendants produced documents from Brown's personnel file which demonstrate

3

that during his employment the Defendants considered Brown to be eligible for FMLA leave. According to Brown, these documents—and, by extension, Defendants' subjective beliefs regarding the application of the FMLA's requirements—are relevant to the question of whether Brown was, in fact, an "eligible employee" under the statute. It appears that Brown is arguing that even if Mueller did not have the number of employees within 75 miles of Moriarty required by the statute, he was still entitled to FMLA rights because Mueller treated him as though he were eligible under the statute. In other words, Brown claims that Defendants should be estopped from asserting that he is not covered by the FMLA. Thus, Brown contends that Defendants violated their duty to the Court by failing to disclose evidence adverse to their position, and thereby misrepresented the facts to the Court.

The Court disagrees and can find nothing improper in Defendants' actions. The motion was not presented for any improper purpose and was warranted by existing law. Further, Defendants were not under any obligation to present the documents from Brown's personnel file with their motion to dismiss. First, defendants are not expected to anticipate and counter the arguments that a plaintiff might raise in opposition to a motion to dismiss. Second, it is far from clear that the doctrine of equitable estoppel even applies to FMLA benefits in the Tenth Circuit. As the Defendant has pointed out, the Tenth Circuit has not found that the doctrine of equitable estoppel applies to the issue of whether one is an "eligible employee" under the FMLA. *See Banks v. Armed Forces Bank*, 2005 WL 699295, 126 Fed. Appx. 905, 906-07 (10th Cir. March 28, 2005) (unpublished). In light of the foregoing, the Court concludes that Brown's motion for Rule 11 sanctions should be denied. Defendants have asked the Court to award them their attorney's fees incurred in responding to Brown's motion, and the Court will deny that request as well.

## **CONCLUSION**

Upon review, it appears to the Court that this case has been characterized by a great deal of acrimony and contentiousness that serves neither the parties, their counsel, nor the Court. The Court reminds all counsel, and their clients, that it fully expects them to follow the Lawyer's Creed of Professionalism, which can be found on the New Mexico State Bar's website at http://www.nmbar.org/Attorneys/creed.html, and to which counsel promised to adhere upon becoming members of the New Mexico Bar. To remind counsel, these principles include, inter alia:

- I will advise my client that civility and courtesy are not weaknesses;
- I will be courteous and civil, both in oral and in written communications;
- I will not make improper statements of fact or of law;
- I will not use litigation, delay tactics, or other courses of conduct to harass the opposing party or their counsel;
- I will refrain from excessive and abusive discovery, and I will comply with reasonable discovery requests;
- In depositions, negotiations and other proceedings, I will conduct myself with dignity, avoiding groundless objections and other actions that are disrupting and disrespectful;
- I will be a vigorous and zealous advocate on behalf of my client, but I will remember that excessive zeal may be detrimental to my client's interests or the proper functioning of our justice system;
- I will communicate with opposing counsel in an effort to avoid litigation or to resolve litigation;
- I will voluntarily withdraw claims or defenses when they are superfluous or do not have merit;
- I will strive to set a high standard of professional conduct for others to follow.

The Court fully expects all counsel who appear before it to conduct themselves in accordance with these and <u>all other</u> principles outlined in the Lawyer's Creed of Professionalism

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Rule 11 Sanctions* [Doc. No. 52] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**